﻿Citation Nr: AXXXXXXXX
Decision Date: 11/13/18 Archive Date: 11/13/18

DOCKET NO. 180702-552
DATE: November 13, 2018
ORDER
Entitlement to an initial disability evaluation in excess of 50 percent for major depressive disorder, to include entitlement to a total disability rating due to individual employability (TDIU), is denied.
REMANDED
Entitlement to service connection for sleep apnea, to include as due to chronic sinusitis and allergic rhinitis, is remanded.
FINDINGS OF FACT
1. The Veteran’s major depressive disorder is manifested by occupational and social impairment with reduced reliability and productivity.
2. The Veteran’s major depressive disorder has not been shown to be of such severity so as to preclude substantially gainful employment.

CONCLUSION OF LAW
The criteria for an initial disability rating in excess of 50 percent for major depressive disorder, to include whether TDIU is warranted, have not been met. 38 U.S.C. §§ 1155, 5107(b); 38 C.F.R. §§ 4.1, 4.3, 4.16, 4.119, Diagnostic Code 9434.
REASONS AND BASES FOR FINDING AND CONCLUSION
The Veteran served on active duty in the U.S. Army from June 1967 to March 1970. 
On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Board is honoring the Veteran’s choice to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program. 
Entitlement to a disability evaluation in excess of 50 percent for major depressive disorder from September 11, 2017 to May 30, 2018, to include entitlement to a total disability rating due to individual employability (TDIU) 
The Veteran contends that he should be assigned a higher rating for his major depressive disorder because his service-connected psychiatric disability causes serious social and occupational impairment. See July 2018 Notice of Disagreement.
The Agency of Original Jurisdiction (AOJ) found that the Veteran’s major depressive disorder caused occupational and social impairment with reduced reliability and productivity, and assigned a 50 percent rating under Diagnostic Code 9434.
Under Diagnostic Code 9434, which is governed by the General Rating Formula for Mental Disorders (General Rating Formula), a 50 percent rating is warranted for occupational and social impairment with reduced reliability and productivity due to such symptoms as: flattened affect; circumstantial, circumlocutory, or stereotyped speech; panic attacks more than once a week; difficulty in understanding complex commands; impairment of short- and long-term memory (e.g., retention of only highly learned material, forgetting to complete tasks); impaired judgment; impaired abstract thinking; disturbances of motivation and mood; and/or difficulty in establishing and maintaining effective work and social relationships. 
A 70 percent rating is warranted for occupational and social impairment with deficiencies in most areas, such as work, school, family relations, judgment, thinking, or mood, due to such symptoms as: suicidal ideation; obsessional rituals which interfere with routine activities; speech intermittently illogical, obscure, or irrelevant; near-continuous panic or depression affecting the ability to function independently, appropriately, and effectively; impaired impulse control (such as unprovoked irritability with periods of violence); spatial disorientation; neglect of personal appearance and hygiene; difficulty in adapting to stressful circumstances (including work or a work-like setting); and/or inability to establish and maintain effective relationships.
A 100 percent rating is warranted for total occupational and social impairment, due to such symptoms as: gross impairment in thought processes or communication; persistent delusions or hallucinations; grossly inappropriate behavior; persistent danger of hurting self or others; inability to perform activities of daily living (including maintenance of minimal personal hygiene); disorientation to time or place; and/or memory loss for names of close relatives, own occupation, or own name).
When determining the appropriate disability evaluation to assign, the Board’s primary consideration is a veteran’s symptoms, but it must also make findings as to how those symptoms impact a veteran’s occupational and social impairment. Vazquez-Claudio v. Shinseki, 713 F.3d 112 (Fed. Cir. 2013); Mauerhan v. Principi, 16 Vet. App. 436 (2002). Because the use of the term “such as” in the rating criteria demonstrates that the symptoms after that phrase are not intended to constitute an exhaustive list, the Board need not find the presence of all, most, or even some, of the enumerated symptoms to award a specific rating. Id. at 442. Nevertheless, all ratings in the General Rating Formula are also associated with objectively observable symptomatology and the plain language of the regulation makes it clear that the Veteran’s impairment must be “due to” those symptoms, a Veteran may only qualify for a given disability rating by demonstrating the particular symptoms associated with that percentage, or others of similar severity, frequency, and duration. Vazquez-Claudio, 713 F.3d at 118.
In September 2017, the Veteran underwent a mental health examination with a private psychologist. The Veteran reported feeling sad and depressed more days than not. The Veteran also reported anxiety related to painful scars from an in-service surgical procedure. The Veteran’s wife reported that the Veteran experiences depression, anger, and mood swings which can change in an instant. The private psychologist concluded the Veteran’s features and symptoms coincide with the criteria of Moderate Major Depressive Disorder; Recurrent. The psychologist provided the Veteran with a Global Assessment of Functioning (GAF) rating of 47, consistent with serious psychological symptoms.
The Veteran was provided a VA mental health examination in November 2017. The examiner found the Veteran to be polite, open, and cooperative. The Veteran’s affect was mildly blunted but generally approbate to the content of speech. He was dressed casually and appropriately. The Veteran reported symptoms including depression, anxiety, irritability, worthless/guilt, low self-esteem, loss of interest, sleep disturbance, difficulty concentrating, and occasional suicidal ideation. The examiner noted the Veteran’s wife’s statement that the Veteran’s mental health condition has gotten worse, causing him to seek isolation, and the Veteran’s daughter’s statement that anything can be a trigger for his anxiety and irritability.
Based on his review of the record and clinical interview, the examiner found that the Veteran’s psychiatric disorder causes depressed mood, anxiety, suspiciousness, chronic sleep impairment, disturbances of motivation and mood, and difficulty in establishing and maintaining effective work and social relationships. The examiner concluded that the Veteran would have occupational and social impairment with reduced reliability and productivity. 
After consideration of the evidence of record, the Board finds that a 70 percent rating is not warranted for the period at issue, from September 11, 2017 to May 30, 2018. While the Veteran has reported suicidal ideation, the evidence does not show that the Veteran has a plan or has attempted suicide. Further, the Veteran’s other symptoms do not rise to the level of severity as warranted for a 70 percent rating. The Board notes that while the Veteran had depressive symptoms, the evidence does not establish that the Veteran’s depression or anxiety was affecting the ability to function independently, appropriately, and effectively. Furthermore, the record does not indicate that the Veteran has obsessional rituals, symptoms of spatial disorientation, neglect of personal appearance and hygiene, and/or inability to establish and maintain effective relationships. While the evidence suggests that the Veteran may have experienced anxiety in stressful situations, the evidence does not establish that the Veteran has difficulty in adapting to stressful circumstances. 
The Board further finds that a 100 percent rating is not warranted for the period on appeal. The evidence of record does not show that the Veteran’s symptoms produce total social impairment as to warrant a 100 percent rating. The Veteran has been able to maintain relationships with his wife and daughter. The record also does not establish that the Veteran is in persistent danger of hurting himself or others. There has been no evidence of delusions, gross impairment in thought processes or communication, grossly inappropriate behavior, intermittent inability to perform activities of daily living, or disorientation to time or place. There is no evidence that the Veteran has experienced audio and visual hallucinations. Furthermore, the record does not show memory loss so severe that the Veteran forgets the names of close relatives, his own occupation, or his name. 
In the July 2018 Notice of Disagreement, the Veteran contended that he is entitled to a higher rating because of the September 2017 private psychologist’s GAF rating. The Veteran noted that a GAF rating of 47 is evidence of serious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) or any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job, cannot work). The Board notes that a GAF score is only one component of a veteran’s disability picture. Indeed, the Court of Appeals of Veterans Claims has recently held that the Board errs when it uses GAF scores to assign a psychiatric rating in cases such as this one where the DSM-V applies. See Golden v. Shulkin, 2018 U.S. App. Vet. Claims LEXIS 202, (Vet. App. February 23, 2018). In this case, the GAF score of 47 is inconsistent with the findings shown on mental status examination. The records do not show severe obsessional rituals, frequent shoplifting, or that the Veteran is unable to maintain a relationship with his family. The Board therefore assigns greater probative value to the medical evidence and clinical findings in the record, which noted the Veteran’s specific reported symptoms, than to the GAF rating of 47. As explained in detail above, the clinical findings, including the Veteran’s reported symptoms, do not show that it was factually ascertainable that a rating in excess of 50 percent was warranted at any time during the period on appeal.
In July 2018, the Veteran submitted an application for a total disability rating due to individual unemployability (TDIU). The Veteran contends that his service-connected depression prevents him from securing or following any substantially gainful occupation. In his application, the Veteran noted that he stopped work on May 12, 2018. The Board notes that the period currently on appeal ends on May 30, 2018, though the Board further notes that the Veteran may file a supplemental claim for TDIU beyond May 2018.
TDIU may be assigned where the schedular rating is less than total, when the disabled person is unable to secure or follow a substantially gainful occupation as a result of a single service-connected disability rated at 60 percent or more; or as a result of two or more service connected disabilities, provided at least one disability is rated at 40 percent or more, and there are additional service connected disabilities to bring the combined rating to 70 percent or more. 38 C.F.R. § 4.16(a). 
For the period on appeal, from May 12, 2018 to May 30, 2018, the Veteran was service-connected for bilateral gynecomastia, rated as 50 percent disabling, major depressive disorder, rated as 50 percent disabling, right leg varicose veins, rated as 20 percent disabling, surgical scars, rated as 10 percent disabling, chronic sinusitis and allergic rhinitis, rated as non-compensable, and linear scars, rated as non-compensable. The Veteran’s combined disability rating was 80 percent. Therefore, the schedular criteria for TDIU are met under 38 C.F.R. § 4.16(a). However, the evidence of record does not show that the Veteran was unable to maintain substantially gainful employment due to his service-connected major depressive disorder. Neither the September 2017 private psychologist or the November 2017 VA examiner specifically opined that the Veteran would be unable to work due to his depression. As discussed above, the record does not demonstrate total occupational impairment during the period from May 12, 2018 to May 30, 2018. Therefore, a TDIU is not warranted for this period.
In reaching this decision, the Board has considered the Veteran’s lay statements and the supporting statements from the Veteran’s family members. The Board notes that the Veteran is competent to report observations with regard to the severity of his symptomatology. See Jandreau v. Nicholson, 492 F.3d 1372, 1376-77 (Fed. Cir. 2007). The Board finds these lay statements to be credible and consistent with the rating now assigned. To the extent he argues his symptomatology is more severe, the Veteran’s statements must be weighed against the other evidence of the record. Here, the specific examination findings of trained health care professionals and documented medical treatment records are of greater probative weight than the more general lay assertions that a rating higher than 50 percent is warranted.
Accordingly, the Board finds that the evidence of record weighs against a finding of an initial disabling rating in excess of 50 percent from September 11, 2017 to May 30, 2018. The Board further finds that TDIU is not warranted. 38 C.F.R. § 4.16, 4.130.
REASONS FOR REMAND
Entitlement to service connection for sleep apnea, to include as due to chronic sinusitis and allergic rhinitis, is remanded.
The Veteran contends that his sleep apnea is related to his service-connected chronic sinusitis and allergic rhinitis. 
In November 2017, a VA examiner found that obstructive sleep apnea and chronic sinusitis and allergic rhinitis were not medically related. The examiner noted that sleep apnea is a separate entity entirely from service-connected sinusitis and rhinitis, and unrelated to it. The examiner explained that medical literature does not support a medical relationship, and a nexus has not been established.
In an undated statement submitted by the Veteran in December 2017, a private physician stated that it is as likely as not that the Veteran’s service-connected chronic sinusitis condition exasperates his obstructive sleep apnea. 
Remand is necessary to correct a duty to assist error that occurred prior to the May 2018 rating decision on appeal. The November 2017 medical opinion did not provide an opinion on the issue of whether the Veteran’s sleep apnea was aggravated by his service-connected sinusitis and rhinitis. On remand, the new medical opinion should consider whether the Veteran’s sleep apnea was caused by or aggravated by his service-connected sinusitis and rhinitis condition.
The matter is REMANDED for the following action:
Obtain an addendum opinion from an appropriate clinician regarding whether the Veteran’s obstructive sleep apnea is at least as likely as not related to his service-connected sinusitis and rhinitis, proximately due to service-connected sinusitis and rhinitis, or aggravated beyond its natural progression by service-connected sinusitis and rhinitis.
In rendering an opinion, the clinician should specifically address the physician statement received in December 2017 and July 2018, and the medical article received by the Board in July 2018, entitled “Chronic Rhinosinusitis and Sleep: A Contemporary Review.”

 
JENNIFER HWA
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD C. Casey, Associate Counsel